The State of Ohio, Appellee, *v.* Sahadi et al., Appellants.

[Cite as State v. Sahadi, 3 Ohio App. 2d 209.]

No. 3075—Decided June 12, 1964.)

*Mr. Norman J. Putman,* prosecuting attorney, for appellee.
*Mr. Ralph W. Ross* and *Mr. William S. Georges,* for appellants.

McLaughlin, J.   The two defendants were jointly indicted on three counts.   Pertinent to this appeal is the first count only which charged them with breaking and entering an inhabited dwelling in the night season with intent to steal property of value.

Jury trial was waived.   Neither defendant testified.   They were found guilty as charged.

Section 2907.09, Revised Code, under which this count was laid, provides in the penalty part for imprisonment for life but "upon recommendation of mercy by the jury" for imprisonment of not less than five nor more than thirty years.

This court is unanimously of the opinion that the first, second and third assignments of error should be overruled.   They all go to the question of whether the building broken into was an inhabited dwelling.

Assignment of error No. 4 reads as follows:

"The trial court erred and abused its discretion in not granting mercy when sentencing the defendants-appellants herein."

By inference at least, it is claimed that the trial court committed prejudicial error in rendering a verdict which was contrary to law, lacking due process.

In disposing of this case we will confine ourselves to questions arising upon the words used by the trial court in announcing the verdict.

At the close of all the evidence and the arguments of counsel, that court stated:

"The Court: Taking into consideration all of the evidence in this case and—the court finds that the residence—the court finds that the building occupied by Doctor Sam N. Abood both as a residence and an office be a dwelling house within the meaning of the law an inhabited dwelling house; therefore, the court finds the defendant Rotar guilty of all three counts contained in the indictment and the court finds Sahadi guilty of breaking and entering of an inhabited dwelling house in the night season and guilty of possession of burglar tools, but the court finds the defendant Sahadi not guilty of carrying concealed weapons. All right.

"Mr. Turpin: If the court please, the state of Ohio moves for sentencing in these cases.

"The Court: Are the defendants ready for sentencing?

"Mr. Schmuck: I would like to ask sentence be deferred pending the filing of a motion for a new trial.

"(At this point argument to the Court by all counsel.)

"The Court: The motion to defer sentence will be overruled. Now, Mr. Prosecutor, going to—directly to breaking and entering of an inhabited dwelling in the night season, is there something you wish to say to the court insofar as the imposition of sentence is concerned?

"(At this point argument to the Court by all counsel.)

"The Court: The law provides whoever violates this section shall be imprisoned for life. Upon recommendation of mercy by a jury, such person shall be imprisoned not less than five nor more than thirty years. Well, we do not have a jury in this case, and this court sometimes wonders what does a

jury take into consideration in extending mercy in any case. I don't know, but we usually go by a recommendation made by one party or another and, consequently, in the absence of any recommendation in this case to extend mercy on the part of the prosecuting attorney, the court will deny any mercy in this case."

Section 2907.09, Revised Code, requires the jury (in this case the trial court) to determine whether a recommendation of mercy should be made. Ohio law requires that determination on mercy be made from the facts and circumstances developed or underdeveloped *by the evidence.* See *Howell* v. *State,* 102 Ohio St. 411.

The prosecution argues that we have no way of knowing but what the court did make its determination upon the evidence, but to so find would be contradictory to the court's own statement. The court said:

"We usually go by a recommendation made by one party or another and, *consequently,* in the absence of any recommendation in this case to extend mercy on the part of the prosecuting attorney, the court will deny any mercy in this case." (Emphasis added.)

It thus becomes clear by the court's use of the word "consequently" that it based its determination upon the lack of a recommendation and not upon the evidence.

It is contended that the trial court in making the remarks we have quoted was not announcing the verdict but was merely pronouncing sentence. We hold that, since the question of mercy must be decided by the jury (or the trial court sitting as a jury) and there was no determination of that question until the above quoted remarks were made, the trial court was still announcing the verdict.

We see the *Howell case* (102 Ohio St. 411) as holding that it is prejudicial error for the jury, or in this case the trial court, to go outside the evidence in determining the question of a mercy recommendation. And it is plain to us that the trial court in deciding that essential part of the verdict did go outside the evidence. Its remarks show that it was influenced, guided and persuaded by the arguments of the prosecuting attorney, which, of course, are not evidence, and by the lack of a

mercy recommendation by the prosecuting attorney, which, of course, is not evidence either.

Breaking and entering an inhabited dwelling in the night season with intent to steal something of value is one of the highest crimes in the statute books. It is next door to being a capital offense. It is one of the very few crimes in which the jury has anything to do with the penalty. Its seriousness is pointed up by the potential murder involved. It is usually the work of professionals and apparently it was so in this particular case. Because of its extremely dangerous potential, the law provides for life imprisonment unless a jury recommends mercy. It is a high crime very important to the state and equally important to an accused.

With respect to a mercy recommendation, these accuseds had the right to expect and receive a verdict based upon the highest of our standards, that is, that the verdict and every part thereof shall be based upon the evidence and the evidence only, and that the trial court in this case would apply the last full measure of effort to apply that standard of evidence which the state itself has set and provided for such cases.

In going outside the evidence and deciding this case as far as mercy was concerned upon a lack of the prosecuting attorney's recommendation therefor, this trial court committed prejudicial error for which the case must be reversed and remanded.

"* * * Due process of law [as guaranteed by the federal and state Constitutions] in each particular case means, such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." See 2 Cooley's Constitutional Limitations (8th Ed.) 741.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

RUTHERFORD, P. J., concurs.

VAN NOSTRAN, J., dissenting. The question presented under appellants' assignment of error No. 4 as follows: "The trial court erred and abused its discretion in not granting mercy when sentencing the defendants-appellants herein," is whether the trial court committed prejudicial error in rendering a verdict against the appellants which was contrary to law.

The court, being the trier of the facts, a jury having been waived by appellants, stated the following at the conclusion of the evidence and arguments of counsel:

"The Court: Taking into consideration all of the evidence in this case and—the court finds that the residence—the court finds that the building occupied by Doctor Sam N. Abood both as a residence and an office be a dwelling house within the meaning of the law an inhabited dwelling house; therefore, the court finds the defendant Rotar guilty of all three counts contained in the indictment and the court finds Sahadi guilty of breaking and entering of an inhabited dwelling house in the night season and guilty of possession of burglar tools, but the court finds the defendant Sahadi not guilty of carrying concealed weapons. All right.

"* * *

"The Court: The law provides whoever violates this section shall be imprisoned for life. Upon recommendation of mercy by a jury, such person shall be imprisoned not less than five nor more than thirty years. Well, we do not have a jury in this case, and this court sometimes wonders what does a jury take into consideration in extending mercy in any case. I don't know, but we usually go by a recommendation made by one party or another and, consequently, in the absence of any recommendation in this case to extend mercy on the part of the prosecuting attorney, the court will deny any mercy in this case."

It is not uncommon for a trial court in passing sentence to request a recommendation from the prosecuting attorney in this type of criminal case. The record is silent as to whether any recommendation was made, and I can only assume that none was made by the prosecuting attorney.

It is my opinion that the trial court, irregardless of the superfluous statements made at the time of sentence which appeared in the record, considered the evidence in the instant case

and that its verdict of not granting mercy was based on the evidence, as was its verdict of guilty when it stated, *"taking into consideration all of the evidence in this case."* (Emphasis mine.)

It is not to be presumed in this case that in addition to the failure of the prosecuting attorney to make any recommendation the trial court did not take into consideration the evidence, as the record discloses that one appellant was caught inside an inhabited dwelling carrying a loaded revolver and that both appellants were equipped with "walkie-talkie" outfits. The appellants in the instant case, based upon the evidence, were found guilty of serious crimes and, in my opinion, were granted a fair trial with due process of law, and the judgment of conviction should be affirmed.

See Section 2945.83, Revised Code, which reads as follows:

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

"* * *

"(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

Also, see *State* v. *Frohner*, 150 Ohio St. 53, and *State* v. *Ferguson*, 175 Ohio St. 390.

The following appears on page 100 in the court's opinion in the *Frohner case*:

"* * * The action of the court is based upon the record made in the case, that is, the evidence. Such extension of mercy rests in the discretion of the court. While this matter of discretion is not reviewable, we have nevertheless in view of the claim of lack of due process, reviewed same and find no abuse thereof."

For the foregoing reasons herein set forth, I dissent.